**In re the Marriage of Ilene Jean McGOWAN, Petitioner, Respondent,**

v.

**Marlow Robert McGOWAN, Appellant.**

No. C2–84–1398.

Court of Appeals of Minnesota.

Feb. 26, 1985.

L.D. Downing, O'Brien, Ehrick, Wolf, Deaner & Downing, Rochester, for respondent.

Ruth A. McCaleb, Dingle, Suk, Wendland & Walters, Ltd., Rochester, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and FORSBERG and RANDALL, JJ.

## OPINION

CRIPPEN, Judge.

The trial court awarded respondent Ilene McGowan temporary maintenance of $350 per month for the first year after the dissolution, and $300 per month for four years thereafter. It also provided that respondent should receive a deferred property division from appellant's retirement annuity after appellant became age 65. Marlow McGowan appealed the temporary maintenance award, and respondent challenges deferred payment of her share of appellant's annuity.

## FACTS

The parties were married on February 14, 1958. At the time of the dissolution, respondent Ilene McGowan was age 44, and appellant Marlow McGowan was age 46. They have three adult children.

During the marriage, respondent worked at a variety of jobs, mainly on a part-time basis. She stayed at the jobs for a period of two or three years. The most she earned was approximately $5 per hour. She is currently working full-time, grossing approximately $967 per month. She has rental income of approximately $100 per month from a son who is residing with her; her net monthly income is approximately $840. She received a commission of $100 in December and $50 in January.

Appellant had over 25 years of employment as a surveyor with the State of Minnesota. He grosses approximately $3,092.31 monthly, and he nets approximately $2,067.83.

The trial court apportioned the debts, awarded property, and ordered the sale of the homestead. The court awarded respondent temporary maintenance of $350 per month for the first year after the dissolution, and $300 per month for four years thereafter. It provided that the respondent should receive a share of the pension benefits, commencing when appellant attained age 65.

## ISSUES

1. Did the trial court abuse its discretion when it awarded maintenance to respondent, in the amount of $350 per month for one year and $300 per month for four years thereafter?

2. Did the trial court abuse its discretion when it provided that the distribution of the respondent's share of appellant's retirement annuity should be deferred until appellant reached age 65?

## ANALYSIS

1. Unless the trial court abused its wide discretion, its maintenance award must be affirmed. *Erlandson v. Erlandson*, 318 N.W.2d 36, 38 (Minn.1982). The decision must be examined in light of the factors enumerated in Minn.Stat. § 518.552 (1984). *Id.* Each case must be determined on its own facts and no single statutory factor is dispositive. *Id.* at 39.

A court may grant maintenance where the spouse seeking maintenance:

(a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs, especially during a period of training or education, and

(b) Is unable to adequately support himself after considering all relevant circumstances through appropriate employment * * *.

Minn.Stat. § 518.552, subd. 1 (1984). Subdivision 2 of the section specifies seven factors to be considered, each having to do with resources and needs.

■ Regarding limited-term or rehabilitative maintenance, the focus of the court should be on application of the basic standards established by the legislature in Minn.Stat. § 518.552, subd. 1. *Otis v. Otis*, 299 N.W.2d 114, 117 (Minn.1980).

■ Appellant contends that respondent wife is able to support herself through appropriate employment, and therefore she is not entitled to temporary maintenance. However, during a 26 year marriage, respondent's employment consisted for the most part of part-time jobs, and the maximum she earned was approximately $5 per hour. This work experience does not involve promise for increased future earnings. The trial court correctly found that respondent did not have "appropriate employment" to support herself, and that an award of temporary maintenance for a five year period was necessary.

The parties have had contrasting job histories. Appellant had long-term employment with the state, and he achieved a substantial salary as well as retirement benefits. Respondent is working at a position which pays approximately the same as the other positions she has held throughout the years, and she has accrued no retirement benefits.

Based on the facts of the case, and the relevant law, the trial court acted within its discretion in awarding temporary maintenance for five years.

■ 2. A pension is marital property. Minn.Stat. § 518.54, subd. 5 (1984). The valuation and division of pension rights is within the discretion of the trial court. *Taylor v. Taylor*, 329 N.W.2d 795, 798 (Minn.1983).

■ The trial court may divide the pension either at the time of dissolution ("present cash method") or at the time pension payments commence ("reserved jurisdiction method"). The present cash method is preferable when there are sufficient present assets to arrange a lump sum payment, and where the present value of the pension can be determined without undue speculation. *Id.* at 798–99. Here the parties had a $27,000 home equity interest and few additional assets. The trial court did not abuse its discretion by rejecting use of the present cash method.

## DECISION

The trial court's decisions on temporary maintenance and a method of division of pension rights were within its broad discretion.

Affirmed.