**In re the Marriage of Barbara P. BOUGHTON, Petitioner, Appellant,**

v.

**William F. BOUGHTON, Respondent.**

**No. C6–85–2113.**

Court of Appeals of Minnesota.

April 22, 1986.

---

Sherman Bergstein, Minneapolis, for appellant.

James A. Karigan, Robins, Zelle, Larson & Kaplan, Minneapolis, for respondent.

Considered and decided by RANDALL, P.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Barbara P. Boughton appeals from a family court order, arguing that the trial court abused its discretion in continuing her cross-motion for an increase in child support and in failing to address her cross-motion for attorney's fees incurred to defend the motion of William F. Boughton. We dismiss the appeal and remand.

## FACTS

Two years after entry of the final decree dissolving the parties' marriage, respondent moved the court for an order directing that a final payment due the parties under a contract for deed be directed toward the payment of a joint debt of the parties. Respondent alleged that the parties had received a $15,000 personal loan that was applied toward the purchase of a Tastee Treet Drive-In. The divorce decree made both parties "equally responsible" for this

personal obligation "to the extent said obligation is legally enforceable," and awarded each party "one-half of the remaining proceeds from the sale of the Tastee Treet, including periodic principal as well as interest payments."

At the hearing to consider respondent's motion, the family court referee found that no action had been taken to collect the personal loan allegedly made to the parties and that no one had shown that the debt was legally enforceable. Therefore, the referee found it inappropriate "for the Court to decide what funds petitioner shall use to meet her obligations, particularly when the extent of her obligation is not clear." Accordingly, the referee directed the immediate release of the final installment on the Tastee Treet contract for deed. The referee did not rule on appellant's cross-motions for attorney's fees incurred to defend this motion and continued her cross-motion seeking an increase in child support. The referee noted that respondent had changed employers and would be going from a salaried job to a straight commission in August. Therefore, the referee continued the parties' motions on maintenance and child support to a time when respondent's income would be known, "subject to rescheduling by counsel." The district court affirmed the referee's order in all respects.

### ISSUES

1. Is an order continuing a motion for an increase in child support appealable under Rule 103.03 of the Minnesota Rules of Civil Appellate Procedure?

2. Did the trial court abuse its discretion in denying appellant the attorney's fees she incurred in defending respondent's motion?

### ANALYSIS

1. *Appealable order?*

■ There is no right to appeal from an order continuing a motion for an increase in child support. Generally, all interlocutory orders are nonappealable.

Rule 103.03 of the Minnesota Rules of Civil Appellate Procedure lists the judgments and orders from which a party may appeal. Appellant does not allege that this order "determines the action and prevents a judgment from which an appeal might be taken." *See* Minn.R.Civ.App.P. 103.03(e). In addition, although "[a]n appeal from an order not specifically included in Rule 103.-03 is discretionary," discretionary review was not sought here. *See* 1983 Comments, Minn.R.Civ.App.P. 103.03.

Here, the referee's order was issued on July 19, 1985 and confirmed by the trial court on October 4, 1985. The respondent's new job began in August. Appellant's attorney could have rescheduled and had this motion considered even before this appeal was filed in November. The time and money expended here would have been more productive at the trial court level where all support awards must originate.

2. *Denial of attorney's fees:*

■ Appellant argues that the trial court abused its discretion in not awarding her attorney's fees. She moved for attorney's fees under Minn.Stat. § 549.21 (1984), arguing that respondent's motion was frivolous and was brought solely to harass her. Respondent denies these claims.

Appellant also moved for attorney's fees under Minn.Stat. § 518.14 (1984), seeking $7,441 in fees and costs from the referee and then increasing the amount sought to $8,590 when filing a notice of review with the district court. On appeal, she argues that the trial court abused its discretion in not awarding her attorney's fees since she has no income aside from child support and maintenance. Respondent asserts that the parties are in relatively equal financial positions following their divorce and thus an award of attorney's fees would have constituted an abuse of discretion.

The trial court made no findings as to whether the respondent acted in bad faith or brought a frivolous claim, *see* Minn.Stat. § 549.21, or as to the parties' relative financial positions, *see* Minn.Stat. § 518.14. The referee's order, confirmed in all re-

spects by the district court without further comment, did not specifically address the appellant's request for such significant attorney's fees. The trial court may have failed to rule on this issue simply because it continued appellant's motion for an increase in child support and respondent's motion for a decrease in maintenance to a time when respondent's income from his new position would be known. Once the incomes of the parties are determined, the trial court will be in a better position to rule on any award of reasonable attorney's fees, which is the standard criteria. Therefore, we remand for consideration of the attorney's fees issue at the time the motion to increase child support is heard.

## DECISION

1. An order continuing a motion for an increase in child support is not appealable under Rule 103.03 of the Minnesota Rules of Civil Appellate Procedure.

2. The trial court failed to address appellant's request for attorney's fees incurred to defend respondent's motion. We remand this issue for the trial court's consideration at the time the child support motion is heard.

Appeal dismissed and case remanded.