Edward J. ERNST, Appellant,

v.

Bernita ERNST, Respondent.

No. C4-86-2024.

Court of Appeals of Minnesota.

June 30, 1987.

William Kvas, DeParq, Hunegs, Rudquist & Koenig, P.A., Minneapolis, for appellant.

Eric W. Forsberg, Minneapolis, for respondent.

Heard, considered and decided by PARKER, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

LANSING, Judge.

Edward Ernst appeals the trial court's denial of his motion to discharge his obligation under a dissolution decree to pay Bernita Ernst $500 per month. The court concluded that this obligation had been found, in a previous, unappealed order, to be a property settlement rather than spousal maintenance, and the issue of modification was res judicata. We affirm.

## FACTS

Edward and Bernita Ernst dissolved their 20-year marriage in 1979. Prior to the dissolution the parties discussed property division and Edward, through his attorney, drafted a stipulation in which he received virtually all of the property, including the parties' interest in two apartment buildings in South Minneapolis, the homestead in Columbia Heights, and most of the personal property in exchange for a $10,000 property settlement to Bernita. Bernita Ernst, who was not represented by

a lawyer, signed the stipulation and it was accepted by the court. She received $3,000 of the settlement.

After the decree was entered, Bernita Ernst retained an attorney and moved to vacate the decree on the grounds that it was unconscionable and obtained through fraud and duress. An evidentiary hearing was held in the spring of 1980, but prior to a ruling the parties entered into a stipulation to amend the judgment and decree. The second stipulation provided Edward Ernst would retain the apartment buildings and the homestead and, in exchange, would pay Bernita Ernst lifetime spousal maintenance beginning in July 1980 at $300 per month, increasing on a step basis to $500 per month in July 1984. In addition, Bernita Ernst received $9,000 cash, the equity in a condominium unit, items of personal property and a lien on one of the apartment buildings as security for payment of spousal maintenance.

In July 1980 the trial court entered an amended judgment and decree which incorporated the second stipulation, which included the following provision:

The parties both acknowledge that the financial circumstances of either or both of them may change substantially, and both agree that such *a change in circumstances of either party shall not serve as a basis for modification of the amount or terms of spousal maintenance provided for herein.*

(Emphasis added).

In 1982 Edward Ernst refinanced the two apartment buildings in order to purchase a third commercial property. He was unable to generate enough cash from the properties to service the resulting debt and lost all three buildings through foreclosure. Without the income from the apartments, which had been approximately $1,000 net per month, his only income was his monthly railroad disability pension check for $641.08. The disability resulted from a serious job injury in 1977 while he was employed as a railroad conductor. The injury prevented him from returning to his employment as a conductor and physically disqualified him from occupations requiring lifting, fine manual dexterity or prolonged or repetitive extension-flexion of the head.

After the foreclosure of the rental properties, Edward Ernst fell behind in his maintenance payments. Because her maintenance lien was no longer secure, Bernita Ernst obtained an order withholding $416.70 from the monthly disability check. Edward Ernst was ordered to pay the remaining $83.30 directly. He failed to make payments from August 1985 to September 1986, resulting in arrearages of $1,166.20.

In November 1985 Edward Ernst moved to modify his maintenance obligation based on his substantial decrease in earnings. He also requested forgiveness of his arrearages. The court examined the stipulation and the judgment and decree, noting that the amounts designated as spousal maintenance were fixed, that both parties agreed that a change of circumstances would not be a basis for the modification of the amount payable, that the payments were chargeable as a lien against Edward Ernst's estate, and that they were secured by a lien against real estate. The court, in an order dated December 19, 1985, concluded that the payments were not maintenance but a division of property, analogizing the monthly payment to a contract-for-deed obligation. The court also found that Edward Ernst failed to show that the loss of the apartment buildings was beyond his control, that his homestead was in danger of foreclosure, or evidence of monthly expenditures. The court found that he had an earning capacity demonstrated by his management of the rental property.

Edward Ernst did not appeal the order. Instead, in March 1986 he again moved to discharge his payment obligation and to remove the withholding order on his disability pension. Bernita Ernst filed a countermotion, and both motions were dismissed by the parties. Edward Ernst renewed his motion in September 1986. The trial court held that the finding by the previous judge—that the payments were, in reality, a property division not subject to modification—was res judicata. The court also found that the issues were the same as those raised and decided at the prior hear-

ing and there had been no change of circumstances between those hearings. In addition to affirming Edward Ernst's obligation for the monthly payment, the court ordered him to pay $1,166.20 in arrearages and $600 in attorney's fees.

In setting the attorney's fees, the court took into account that Bernita Ernst's only source of income other than the monthly payments was earnings from a part-time job as a nursing assistant, which produced a net monthly income of approximately $400. At the time of the hearing Bernita Ernst was recovering from surgery, did not anticipate returning to work for several months, and had borrowed money for her legal fees from her mother.

Edward Ernst appeals the denial of his motion, claiming the trial court erred in its application of the doctrine of res judicata and that he presented sufficient evidence of a substantial change in his income that would justify a modification of his maintenance obligation.

## ISSUES

1. Did the trial court properly determine that the previous, unappealed order declaring the monthly payment to be a property division rather than spousal maintenance was res judicata on the issue of modification?

2. Did the trial court abuse its discretion in awarding respondent $600 in attorney's fees?

## ANALYSIS

### I

■ The principles of res judicata bar relitigation of issues finally disposed of in a prior, appealable order and apply to dissolution cases, subject to the limitation that either party may petition for a modification of support or maintenance based on substantially increased or decreased needs or resources. *Rydell v. Rydell*, 310 N.W.2d 112, 114 (Minn.1981); *see Kiesow v. Kiesow*, 270 Minn. 374, 381, 133 N.W.2d 652, 658 (1965). In addition to res judicata, property divisions are subject to the further conclusiveness of Minn.Stat. §§ 518.-64, which defines the division as final and not subject to modification merely because of a subsequent change in the financial circumstances of the parties. *Kaiser v. Kaiser*, 290 Minn. 173, 179, 186 N.W.2d 678, 683 (1971).

In the original judgment and decree Edward Ernst's monthly payment was designated as spousal maintenance, which would be subject to modification under Minn.Stat. § 518.64, subd. 2 (1986). However, on his November 1985 motion for modification, the court determined that the monthly payment was, in actuality, part of the property division. This determination affects the modifiability of the provision. In analyzing a similar distinction between maintenance and property division, the supreme court said:

> Without regard to the parties' designation of post-decree payments as spousal maintenance, where the payments are in fact a portion of the property distribution, Minn.Stat. § 518.64, subd. 3 (1984), is inapplicable to relieve the party of the obligation to continue payment of the obligation after the remarriage of his former spouse.

*Ruud v. Ruud*, 380 N.W.2d 765, 766 (1986). Similarly, modification based on a change of circumstances permitted under section 518.64, subd. 2, is inapplicable to an obligation which is, in actuality, a property settlement.

■ Edward Ernst, citing *Anich v. Anich*, 217 Minn. 259, 14 N.W.2d 289 (1944), acknowledges that a property division is not subject to modification, but contends the payment may be modified on changed circumstances because it is spousal maintenance and not a property division. This issue was raised in the November 1985 hearing and decided in the December 1985 order. The order denied a modification of maintenance and was appealable under *Angelos v. Angelos*, 367 N.W.2d 518 (Minn.1985). Ernst failed to appeal and that determination is now final. Although modifications of judgments on the basis of changed circumstances are *sui generis* and do not fit within the reasons for the rules on finality of judgments, *Angelos* at 519,

the December order changed the character of the payment, and the determination that the payment is a property division is final.

It is not entirely clear which specific doctrine of finality applies. By allowing modifications in custody, visitation, maintenance and support, the legislature has, in effect, provided for proceedings that, if not for the concept of continuing jurisdiction, would be independent of the original divorce action. *Angelos* at 519. This procedure implicates elements of both res judicata and law of the case. *See Lange v. Nelson-Ryan Flight Service, Inc.*, 263 Minn. 152, 155–56, 116 N.W.2d 266, 269 (1962) (law-of-the-case doctrine applies within an action regarding issues of law previously determined, while the rules of res judicata bar relitigation on the same issues in successive actions). Irrespective of which doctrine is applicable, the principle is the same: a decision on the merits is conclusive and should not be relitigated. *Shimp v. Sederstrom*, 305 Minn. 267, 270, 233 N.W.2d 292, 294 (1975). The payments and the arrearages have been determined to be a part of the property division and are no longer subject to modification.

## II

The trial court ordered Edward Ernst to pay Bernita Ernst $600 in attorney's fees. A trial court has broad discretion to require one party to a dissolution proceeding to pay the attorney's fees of the other if necessary to ensure the ability to protect that person's rights, Minn.Stat. § 518.14 (1986), and that award will not be overturned absent an abuse of discretion. *Bogen v. Bogen*, 261 N.W.2d 606, 611 (Minn.1977).

Bernita Ernst has had to respond to three separate motions within one year on the same issue. Her income was limited due to her hospitalization. The trial court did not abuse its discretion in ordering the payment of the fees. We recognize a similar difficulty in the payment of fees on appeal. However, because of the extremely limited income of Edward Ernst and the return to work of Bernita Ernst, we deny attorney's fees for the appeal to this court.

**DECISION**

Affirmed.