In re the Matter of Stacey (Kuutti)
HAND, Petitioner, Respondent,

v.

Tommi L. KUUTTI, Appellant.

No. C9–88–94.

Court of Appeals of Minnesota.

May 24, 1988.

Review Denied July 28, 1988.

Richard D. Goff, J. Peter Wolf, St. Paul, for respondent.

Mary A. Bartz, Edina, for appellant.

Heard, considered and decided by PARKER, P.J., and NORTON and KALITOWSKI, JJ.

## OPINION

PARKER, Judge.

Tommi Kuutti appeals from an April 2, 1987, order that declared a stipulation null and void, but continued his motions to modify visitation, maintenance, support and property division. Both the stipulation and Kuutti's motions sought to modify the same matters. On appeal Kuutti claims the trial court erred in rejecting the stipulation and requests that certain provisions be upheld. We dismiss the appeal.

## FACTS

The marriage of Tommi Kuutti and Stacey (Kuutti) Hand was dissolved in 1984 pursuant to stipulation. An amended judgment and decree based on a second stipulation was filed on April 17, 1985.

On June 3, 1985, Kuutti and Hand signed a third stipulation modifying provisions dealing with visitation, maintenance, support and property division. Kuutti, representing himself, allegedly submitted the stipulation in an incorrect form for court approval, and it was rejected. Over one and a half years later, Kuutti moved to amend the April 17, 1985, amended judgment and decree or, in the alternative, to uphold the third stipulation. The motion to amend covered essentially all matters contained in the stipulation.

By order dated April 2, 1987, the family court declared the third stipulation null and void, continued Kuutti's other motions covering the same matters as the stipulation, and denied Hand's motion for a change of custody. The custody issue is not presently before the court. Neither party served

written notice of filing of the April 2, 1987, order. Subsequently, an evidentiary hearing was held on the continued motions. By order dated September 28, 1987, the family court held for Kuutti on his motion to modify maintenance, support and property division. Both parties sought review of that order in district court.

By final order dated November 10, 1987, the district court affirmed the maintenance and support modifications and reversed the property division. On November 13, 1987, Hand served written notice on Kuutti of filing of the November 10 order. The time limit for appeal from the November 10 order passed, and Kuutti did not appeal. On January 15, 1988, Kuutti filed an appeal from the April 2 order. He now requests that selected paragraphs of the third stipulation be upheld.

## ISSUES

1. Is the order declaring a stipulation null and void, but continuing related motions on essentially the same matters of visitation, maintenance, support and property division, appealable?

2. Does the doctrine of res judicata bar appeal from an interlocutory order when that appeal is brought after the time to appeal a subsequent final order, adjudicating all relief sought by appellant, has expired?

## DISCUSSION

### I

■ Minn.R.Civ.App.P. 103.03(g) provides for appeal "from a final order * * * affecting a substantial right made in * * * [a] special proceeding." Proceedings for modification of custody, visitation, maintenance and support are "special proceedings" within the meaning of Minn.R.Civ. App.P. 103.03(g). *Angelos v. Angelos,* 367 N.W.2d 518, 520 (Minn.1985). As such, any final orders granting or denying modifications of custody, visitation, maintenance and support are appealable as of right. *Id.* There is no right to appeal, however, from such an order continuing motions on those issues. *See Boughton v. Boughton,* 385

N.W.2d 384, 386 (Minn.Ct.App.1986) (an order continuing a motion for an increase in child support is not appealable).

The April 2 order was not a final appealable order, because the court continued Kuutti's motion to modify visitation, maintenance, support and property division. The continued motion sought modification of the same matters as in the stipulation. Kuutti's remedy was to file a timely appeal from the November 10 order, which is the final order adjudicating all of his requests for relief. The April 2 order would then have fallen within this court's scope of review pursuant to Minn.R.Civ.App.P. 103.-04.

### II

■ This appeal is also barred by the doctrine of res judicata. Minn.R.Civ. App.P. 104.03 provides:

[A]n appeal from the final order or judgment affecting a substantial right made in * * * [a] special proceeding must be taken within the time limited for appeal from an order.

Appeal from an order must be taken "within 30 days after service by the adverse party of written notice of filing." Minn.R. Civ.App.P. 104.01. After the time for appeal has expired for an appealable order, the principles of res judicata apply. *Ernst v. Ernst,* 287 Minn. 490, 493, 178 N.W.2d 907, 909 (1970).

The principles of res judicata bar relitigation of issues finally disposed of in a prior, appealable order and apply to dissolution cases, subject to the limitation that either party may petition for a modification of support or maintenance based on substantially increased or decreased needs or resources.

*Ernst v. Ernst,* 408 N.W.2d 679, 681 (Minn. Ct.App.1987) (citing *Rydell v. Rydell,* 310 N.W.2d 112, 114 (Minn.1981), and *Kiesow v. Kiesow,* 270 Minn. 374, 381, 133 N.W.2d 652, 658 (1965)).

Kuutti failed to appeal the November 10, 1987, order. The present appeal of the April 2 order was filed after the time to appeal the November 10 order had expired. Consequently, the principles of res judicata

bar relitigation of the issues finally resolved by the November 10 order and preclude review of the April 2 order. *Cf. Dieseth v. Calder Manufacturing Co.,* 275 Minn. 365, 367–71, 147 N.W.2d 100, 101–03 (1966) (failure to appeal prior final order in timely manner barred relitigation of same issue in second action).

## DECISION

Kuutti has improperly appealed from a nonappealable interlocutory order. The doctrine of res judicata also bars this appeal, because Kuutti failed to file a timely appeal from the final order adjudicating all of his requests for relief.

Dismissed.