In the Matter of Susan McPHERSON.

No. C1–91–1105.

Court of Appeals of Minnesota.

Oct. 29, 1991.

Review Denied Dec. 13, 1991.

Peter M. Rosene, Rosene & Haugrud, Chartered, St. Paul, for appellant McPherson.

Tom Foley, Ramsey County Atty., Mark Nathan Lystig, Asst. Ramsey County Atty., St. Paul, for respondent.

Considered and decided by DAVIES, P.J., and PARKER and THOREEN *, JJ.

## OPINION

DAVIES, Judge.

The trial court committed appellant as a mentally retarded person to the Cambridge Regional Treatment Center. Susan McPherson appeals. We affirm.

## FACTS

Appellant is mildly retarded and suffers from Prader Willi syndrome, a disorder which is characterized by uncontrolled appetite leading to extreme obesity. She has spent most of her life at foster home placements, and has resided at the Cambridge Regional Treatment Center since October 1988.

An earlier petition to commit appellant to Cambridge was heard in June 1990. In August 1990 the court denied the petition on the ground that appellant was ready for community placement. Cambridge then notified Ramsey County that there was no legal authorization for appellant to remain at Cambridge; it asked for discharge plans. Apparently because Ramsey County was not able to find an appropriate placement for appellant, a new petition for commitment was then filed, which resulted in the commitment judgment on appeal.

Evidence at the commitment hearing was directed towards the issue of placement. Testimony indicated appellant would be best served by being placed in a small facility with particularized programming for those with Prader Willi syndrome. Appellant is on the waiting list for Oakwood Residence, a community facility with 12 residents, which is specifically for such individuals. The next opening at Oakwood is, however, unlikely to occur until the death of one of the present residents. Oakwood is attempting to open a new group home; if it were opened, appellant would be placed there. Appellant testified she would like to live in a group home or go back to the foster home.

Appellant has received effective treatment while at Cambridge. She has lost more than 200 pounds. Certain behaviors related to obtaining food, including property destruction and stealing, have been brought under control, although her underlying illness remains. Two court-appointed examiners confirmed the diagnosis of mental retardation, and recommended commitment to Cambridge.

The trial court found that appellant is a mentally retarded person and that commitment is necessary for her protection. It committed her to the Cambridge Regional Treatment Center, finding no less restrictive alternative available.

## ISSUES

1. Does the doctrine of collateral estoppel require the trial court to deny the petition for commitment?

2. Was commitment to the Cambridge Regional Treatment Center the least restrictive alternative available to insure proper care and treatment for appellant?

## ANALYSIS

### I.

■ Appellant argues that collateral estoppel applies, and that the trial court is bound by its August 1990 judgment denying the earlier petition for commitment. *See Ellis v. Minneapolis Comm'n on Civil Rights,* 319 N.W.2d 702, 704 (Minn.1982). Appellant contends that respondent cannot remedy its failure to appeal from that judgment by filing another petition. *See Hand v. Kuutti,* 423 N.W.2d 715, 716 (Minn.App. 1988), *pet. for rev. denied* (Minn. July 28, 1988).

Collateral estoppel is meant to apply to an issue of "ultimate fact." *State v. DeSchepper,* 304 Minn. 399, 409–10, 231 N.W.2d 294, 300 (1975). It precludes relitigation of issues "both identical to those issues already litigated by the parties in a

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 2.

prior action and necessary and essential to the resulting judgment." *Ellis*, 319 N.W.2d at 704.

The determination of whether a person is in need of commitment as mentally retarded as defined in Minn.Stat. § 253B.02, subd. 14 (1990), does not involve the determination of an ultimate fact that can preclude relitigation of the issue. Instead, the patient's condition or circumstances may change, making a new petition for commitment appropriate. Here, a new petition for commitment was filed when appellant was unable to stay at Cambridge without a commitment judgment, and no other appropriate facility was available. We decline to apply collateral estoppel in light of these more fully defined circumstances.

## II.

Appellant argues that the trial court erred in committing her to Cambridge, contending, first, that it is not the least restrictive treatment facility. The trial court

> shall commit the patient to the least restrictive treatment program which can meet the patient's treatment needs consistent with section 253B.03, subdivision 7.

Minn.Stat. § 253B.09, subd. 1 (1990). A person receiving services under chapter 253B

> has the right to receive proper care and treatment, best adapted, according to contemporary professional standards, to rendering further custody, institutionalization, or other services unnecessary.

Minn.Stat. § 253B.03, subd. 7 (1990).

■ However, a mentally retarded person may not be discharged from a regional treatment center "before an appropriate community placement is available." Minn. Stat. § 256B.092, subd. 7(b)(5) (1990). The committing court may not order a county to create a community placement. *In re Wicks*, 364 N.W.2d 844, 848 (Minn.App. 1985), *pet. for rev. denied* (Minn. May 31, 1985).

■ Appellant, who is under a guardianship, is receiving effective treatment at Cambridge. Although it is a more restrictive facility than she currently needs, no community facility is available which can treat appellant's condition as a mentally retarded person with Prader Willi syndrome. We note that the trial court strongly urged Ramsey County to make every effort to place appellant in the community before the expiration of this commitment. The trial court did not err in placing appellant at Cambridge on these facts.

■ Appellant next argues that the state and the county are estopped from claiming a lack of available community alternatives, asserting a lack of good faith efforts to comply with the consent decree in *Welsch v. Gardebring*, 667 F.Supp. 1284 (D.Minn. 1987), and Minn.Stat. § 256B.092 (providing for case management of persons with mental retardation). This issue was not raised below, and we cannot address it on appeal. *See Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63, 68 n. 2 (Minn.1979). Further, an appeal from a commitment judgment is not the proceeding to enforce claims regarding treatment. *See In re Cieminski*, 374 N.W.2d 289, 292 (Minn.App. 1985), *pet. for rev. denied* (Minn. Nov. 18, 1985).

■ Appellant also argues that her commitment to Cambridge violates her rights to due process and equal protection under the state and federal constitutions because some mentally retarded individuals with Prader Willi syndrome are receiving specialized care in community-based facilities, but she is not one of them. We reject appellant's arguments. Community placement is presently unavailable, and she is receiving effective treatment for her condition at Cambridge. She is continually represented by an informed attorney, and additional medical and judicial reviews are provided. *See In re Harhut*, 385 N.W.2d 305, 312 (Minn.1986).

Finally, appellant argues that the failure to make an appropriate placement is complicated by the fact the Commissioner is also appellant's guardian. *See Crawford v. Minnesota Dep't of Human Services*, 468 N.W.2d 583, 587 (Minn.App.1991). This issue was not raised below, and will

not be addressed for the first time on appeal. *Turner*, 276 N.W.2d at 68 n. 2.

■ Respondent contends the trial court should have ordered indeterminate commitment under Minn.Stat. § 253B.13, subd. 2 (1990). Respondent did not file a notice of review, and this court therefore cannot review the issue. *See* Minn.R.Civ.App.P. 106; *Northern State Bank v. Efteland*, 409 N.W.2d 541, 544 (Minn.App.1987).

### DECISION

The judgment of the trial court committing appellant to the Cambridge Regional Treatment Center is affirmed as the least restrictive alternative.

Affirmed.