**In re the Marriage of Ilene Jean McGOWAN, Respondent,**

v.

**Marlow Robert McGOWAN, Appellant.**

No. C9–94–1951.

Court of Appeals of Minnesota.

June 6, 1995.

---

1. In light of this holding, we need not consider whether Schoenbauer needed a class B license to operate the road grader.

Mary Alice Richardson, Rochester, and Sharon L. Buffington, Stillwater, for appellant.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.

Lawrence Downing, Rochester, for respondent.

Considered and decided by CRIPPEN, P.J., and PETERSON and FOLEY,* JJ.

## OPINION

CRIPPEN, Judge.

Appellant Marlow Robert McGowan challenges the trial court's order distributing the marital portion of his pension, contending that the trial court lacked jurisdiction to modify the original divorce judgment. We affirm.

## FACTS

When the parties were divorced in 1984, the judgment awarded respondent one half of the anticipated marital portion of appellant's pension, stated as a fixed monthly sum to be paid when appellant reached age 65. Appellant retired at age 56, began collecting his pension, and refused to pay respondent her share, arguing that she had to wait until he reached age 65. Because appellant's pension payments also reflected an increase in value, the fixed sum originally ordered no longer represented one half of the marital share of the pension. Respondent brought this action seeking payment of her share of the pension. The trial court ordered that respondent was entitled to receive her marital share of the pension immediately and it recalculated her entitlement, employing the same 50 per cent computation evidently employed in 1984.

## ANALYSIS

Where the material facts are not in dispute, a reviewing court need not defer to the trial court's application of the law. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn. 1984).

Trial courts have traditionally used two methods to distribute a pension. The first is called the lump sum method or the "present value method." It is preferred

art. VI, § 10.

when the present value of the pension is quantifiable at the time of divorce and the parties have enough assets to permit payment without the hardship of a lump sum to the nonpensioner. *Taylor v. Taylor,* 329 N.W.2d 795, 798–99 (Minn.1983); *Larson v. Larson,* 412 N.W.2d 773, 776 (Minn.App. 1987). When the lump sum method is used, there is no need for the trial court's continued jurisdiction. *See Taylor,* 329 N.W.2d at 798.

■ Conversely, when the parties have insufficient funds to enable a lump sum payout, or evidence of the present pension value is too speculative, the trial court may reserve jurisdiction for a distribution when the pension payments begin. *Id.* at 799; *McGowan v. McGowan,* 363 N.W.2d 359, 361 (Minn. App.1985). Except for *McGowan,* an earlier decision in this case, prior cases on delayed distribution have involved the designation of future benefits as a fixed percentage of the pension payments. *Taylor,* 329 N.W.2d at 799; *Larson,* 412 N.W.2d at 776.

■ In the original judgment in this case, based on the limited information available, the trial court ordered payment of a fixed amount to respondent when appellant reached age 65. That fixed amount represented one half of the marital share of the pension. Appellant contends the trial court lacked the present authority to modify the original award from a fixed sum to a percentage amount.

We conclude that the circumstances presented in this case are no different than those in *Taylor,* where the trial court elected against a lump sum award at the time of divorce and reserved jurisdiction to oversee the distribution of the pension when payments actually began. And other doctrines of continued jurisdiction require the same result. The judgment here having made no lump sum award, the trial court's jurisdiction was needed later, when pension payments began, to "issue appropriate orders implementing or enforcing specific provisions of the dissolution decree." *Erickson v. Erickson,* 452 N.W.2d 253, 255 (Minn.App.1990) (citation omitted); *see also Graff v. Graff,* 472 N.W.2d 882, 884 (Minn.App.1991) (citing *Hanson v. Hanson,* 379 N.W.2d 230 (Minn.

App.1985)), *pet. for rev. denied* (Minn. Sept. 13, 1991). Also, where there is a "substantial change" in an asset's value before it is distributed, the court may adjust the value in order to ensure equitable distribution of the property. Minn.Stat. § 518.58, subd. 1 (1992); *Bollenbach v. Bollenbach,* 285 Minn. 418, 436, 175 N.W.2d 148, 159 (1970). Finally, this employment of continued jurisdiction is in accord with our characterization of the award on the occasion of our prior review in this case. *McGowan,* 363 N.W.2d at 361 (classifying the trial court's approach as the "reserved jurisdiction method," not the "present cash method").

■■ The trial court properly modified the original award to comport with its design for an even division of the marital portion of the pension. Although a property division is normally considered final, Minn.Stat. § 518.64, subd. 2(d) (1992), an equal division may be finalized later when the original judgment makes no lump sum award. *See Taylor,* 329 N.W.2d at 798–99; *Larson,* 412 N.W.2d at 776. When appellant retired early, his pension value had substantially increased so that the original fixed-sum division did not represent respondent's entitlement to one half of the marital share. And if payments were withheld from respondent until appellant attained age 65, appellant would accumulate $270,000 in pension benefits while denying respondent all access to her share. This would defy the spirit and intent of the original decree, which attempted to equitably divide the marital share of the pension equally between the parties. It would result in appellant receiving "far in excess of one-half of the marital assets," a result disfavored in the law. *Taylor,* 329 N.W.2d at 798.

Moreover, the trial court's modification of the original decree does not affect the essential provisions of the original judgment on the substantive rights of either party. *Graff,* 472 N.W.2d at 884; *Hanson,* 379 N.W.2d at 233. Both are still entitled to one half of the marital portion of the pension just as anticipated by the original decree.

■ Appellant presents several other arguments. He contends that the trial court improperly included nonmarital property in

its calculation of the marital portion of the pension. But the trial court's formula determines respondent's marital portion by comparing the number of months the parties were married and benefits accumulated to the total number of months that benefits accumulated. This formula was advanced by the supreme court as an equitable way to divide a pension that contains marital and non-marital property. *Janssen v. Janssen,* 331 N.W.2d 752, 756 (Minn.1983). Appellant has failed to demonstrate his theory that there were nonmarital assets included in the trial court's formula.

Appellant also contends that it was error for the trial court to strike his post-hearing affidavits and letters regarding the non-marital portion of the pension. The trial court correctly struck the post-hearing material as untimely. Minn.R.Civ.P. 52.02; *Rathbun v. W.T. Grant Co.,* 300 Minn. 223, 238, 219 N.W.2d 641, 651 (1974); *Otte v. Otte,* 368 N.W.2d 293, 299 (Minn.App.1985). Respondent's motion to strike appellant's untimely post-trial affidavits is also denied, because we have examined the material and have determined that it lacks probative value.

Respondent, who has been denied access to her share of the pension proceeds, moves this court for an award of attorney fees for the costs of defending this appeal, pursuant to Minn.Stat. § 518.14, subd. 1 (1994). Respondent is awarded $1000. We deny appellant's motion for $2000 in attorney fees for appellate motion proceedings, claimed pursuant to Minn.Stat. § 518.14 or § 549.21. Respondent's fee award shall not preclude a timely request for taxation of statutory costs. See Minn.R.Civ.App.P. 139.01(1); Minn.Stat. § 549.02, subd. 2 (1994).

## DECISION

The trial court properly exercised reserved jurisdiction to implement distribution of appellant's pension, and the court properly modified the original judgment to reflect respondent's one half interest in the marital share of the pension.

**Affirmed.**