In re the Marriage of Michelle Diane Alton REDMOND, n/k/a Michelle Diane Alton Vlahos, petitioner, Respondent,

v.

Thomas J. REDMOND, Appellant.

No. C2–98–1878.

Court of Appeals of Minnesota.

June 8, 1999.

Raymond M. Lazar, Judy S. Engel, Fredrikson & Byron, P.A., Minneapolis, for appellant.

Considered and decided by
KLAPHAKE, Presiding Judge,
CRIPPEN, Judge, and WILLIS, Judge.

## OPINION

KLAPHAKE, Judge.

Appellant Thomas Redmond seeks review of the district court's denial of his motion for modification of a marital property settlement and its acceleration of payment of a deferred settlement, with interest until final payment is made. We affirm and also order Redmond to pay attorney fees to respondent Michelle Vlahos (formerly Redmond), pursuant to Minn. Stat. § 518.14, subd. 1 (1998).

## FACTS

The parties' marriage was dissolved on February 19, 1993, following a six-day trial at which the primary issue was the identification and division of marital property. The largest item of property was a block of shares in two closely held family corporations, TJR, Inc., and Redmond Products, Inc. (Redmond Cos.).

At trial, Redmond argued vigorously that he be awarded the entire block of stock; Vlahos argued that she should share equally in the marital assets. The trial court found that the stock, valued at $18,380,000, was a marital asset. Noting it was "appropriate" that Vlahos receive 50% of the marital estate, the court awarded Redmond the entire block of stock, but ordered him to pay Vlahos $9,850,451, an amount equal to half the total value of the marital estate. The court deferred payment of the entire amount, but ordered Redmond to pay $1 million annually against the balance, an amount he could pay out of current assets and dividends without liquidating the block of stock. Vlahos' interest was secured by a lien on the stock that would become due and pay-

M. Sue Wilson, Jill A. Poppe, M. Sue Wilson Law Offices, P.A., Minneapolis, for respondent.

able within 30 days after one of the following triggering events: (1) the sale of Redmond Cos. stock to a third party; (2) the conversion of Redmond Cos. to a publicly traded corporation; or (3) the lifting or changing of restrictions against sale or transfer of the closely held stock.

The judgment was amended to reduce Redmond's annual payment on the deferred amount to $500,000 a year. The court, citing the risk of fluctuation in value and potential tax liabilities, as well as the yearly income available to Redmond, declined to require him to pay interest on the deferred balance.

The parties appealed the issues of valuation of the marital estate and interest payments on the deferred amount. This court affirmed the trial court's valuation and division of property, but remanded on the issue of whether Vlahos was entitled to interest on the deferred amount. *Redmond v. Redmond*, No. C3–93–1336, 1994 WL 71360 (Minn.App. Mar. 8, 1994). The trial court once again ordered no interest payments, in recognition of the fluctuating nature of the value of the stock, the potential tax liabilities, and the restraints on transfer. Vlahos appealed, and this court affirmed the trial court's decision in December 1994. *Redmond v. Redmond*, No. C3–94–1511, 1994 WL 695037 (Minn.App. Dec. 13, 1994), *review denied* (Minn. Feb. 14, 1995).

In both the original and amended judgments and decrees, the trial court stated:

> This Court shall retain jurisdiction over the payment of this property settlement, and may issue such future orders as are necessary to promptly pay to [Vlahos] her property settlement in the event current restrictions on the liquidation of [Redmond's] shares are in any way altered.

Both decrees also stated: "[T]his Judgment and Decree shall be deemed to constitute a full, final and complete property settlement and release between the parties."

In March 1997, Redmond moved for relief from the 1997 annual payment, based on inability to pay, and further requested that the property award be reopened, claiming its prospective application was now inequitable. On April 10, 1997, the trial court denied Redmond's motion, concluding that the property award was not prospective or dependent on changing conditions, but rather was settled and definite, and that Redmond had failed to show hardship. Judgment was not entered on this order and Redmond made the annual payment.

Later in 1997, Redmond Cos. entered into a contract for acquisition of all its stock by Bristol–Myers Squibb Co. (BMS). Redmond Cos. stock was to be traded for an equal number of shares of BMS, a publicly traded company. Redmond moved to have Vlahos' lien removed to facilitate the exchange. In response to a series of motions, on January 5, 1998, the trial court ultimately found that the acquisition was a sale triggering payment of the lien and ordered Vlahos' lien transferred to the BMS stock. The trial court further ordered Redmond to pay the balance of the deferred award, $8,350,451, within 30 days after the date of acquisition, with interest at the judgment rate on the balance until it was fully paid.

Redmond attempted to appeal from this order and from the April 10, 1997 order denying his motion for modification of the property award. On March 24, 1998, this court dismissed Redmond's appeal as arising from nonappealable orders. *In re Marriage of Redmond*, No. C0–98–258 (Minn.App. Mar. 24, 1998).

The trial court thereafter issued a second amended order on April 24, 1998, directing entry of judgment on its decision to order Redmond to pay the deferred award with interest. Judgment was entered on July 16, 1998.

Redmond moved to reduce the deferred payment, pursuant to Minn.Stat. § 518.145, subd. 2(5), or on grounds of

equity under the court's continuing jurisdiction; this motion was denied on October 12, 1998. Redmond now appeals the July 16, 1998 judgment and the October 12, 1998 order denying his motion for a reduction in the property award.[1]

## ISSUES

I. Did the trial court err in denying Redmond's motion for modification of the property settlement?

II. Did the trial court err in concluding that the stock-for-stock exchange was a sale that acted as a triggering event to accelerate payment of the deferred award and in ordering Redmond to pay interest on the balance from 30 days after the exchange until fully paid?

III. Is Vlahos entitled to attorney fees on appeal?

## ANALYSIS

### I. Modification of the Property Settlement

■ Property divisions in dissolution actions are final and can be revoked or modified only if the standards that justify reopening a judgment exist. Minn.Stat. § 518.64, subd. 2(e) (1998); *Hillestad v. Hillestad*, 405 N.W.2d 436, 439 (Minn.App. 1987). This is true even where a party has failed to disclose all the potential defects in a property settlement. *See Kiesow v. Kiesow*, 270 Minn. 374, 387–88, 133 N.W.2d 652, 662 (1965) (citations omitted). A party may not seek modification of a property division based on changed circumstances. *Ernst v. Ernst*, 408 N.W.2d 679, 681 (Minn.App.1987).

■ This court has twice approved the property division, with full knowledge that the value of the stock could fluctuate. Further, the trial court's April 10, 1997 order states that "there is nothing provisional or tentative about the Amended Judgment and Decree" and that the deferred payments do not represent a percentage of Redmond's income stream, but are fixed and definite. The trial court further determined that the decree had no prospective application and that it retained limited jurisdiction for the sole purpose of enforcing payment. These rulings represent decisions on the merits that cannot be relitigated. *Ernst*, 408 N.W.2d. at 682.

Redmond nevertheless argues that because the property settlement was not a distribution and was based on an even split of marital property, the trial court retained jurisdiction and could revalue the marital assets. He relies on *McGowan v. McGowan*, 532 N.W.2d 258 (Minn.App. 1995). In *McGowan*, the district court had reserved jurisdiction over division of a pension because the value was speculative and the parties were unable to make a lump sum distribution. *Id.* at 260. In this case, as a concession to Redmond, no lump sum distribution was made; rather, the trial court heard evidence on valuation, totaled the marital assets, and made a $^{50}\!/_{00}$ split of that total value. Unlike *McGowan*, the value of the asset involved here was not speculative. Thus, Redmond's reliance on *McGowan* is misplaced.

### II. Stock Acquisition as Triggering Event

■ While a trial court may not modify a final property division, it may issue orders to implement, enforce, or clarify the provisions of a decree, so long as it does not change the parties' substantive rights. *Potter v. Potter*, 471 N.W.2d 113, 114 (Minn.App.1991). On appeal, a trial

---

1. On January 5, 1999, this court, on Vlahos' motion, struck that portion of the current appeal that deals with reduction of the property settlement under Minn.Stat. § 518.145, subd. 2(5), concluding that this issue had been decided by the April 10, 1997 order and that Redmond had failed to preserve his right to appeal. *In re Marriage of Redmond*, No. C2-98-1878 (Minn.App. Jan. 5, 1999). This court also deferred a decision on Vlahos' claim that Redmond is barred from challenging the triggering effect of the stock acquisition to this panel. *Id.* In light of our opinion here, we need not reach a decision on Vlahos' argument that Redmond is barred from raising this issue.

court's construction of its own decree is given great weight. *Mikoda v. Mikoda,* 413 N.W.2d 238, 242 (Minn.App.1987), *review denied* (Minn. Dec. 22, 1987). "The fact that the judgment was ordered by a predecessor does not limit action of a successor judge on the motion for clarification." *Id.* at 241.

■ Redmond challenges the trial court's finding that the exchange of all shares of Redmond Cos. for an equal number of BMS shares was a triggering act, as defined in the judgment and decree as the "sale" of Redmond Cos. to a third-party purchaser. Because the concept of "sale" reasonably assumes the acquisition of something for value, we cannot conclude that the trial court clearly erred by finding that this share-for-share exchange constituted a sale. *See* Minn. R. Civ. P. 52.01 (findings of fact not set aside unless clearly erroneous).

■ Redmond further challenges the trial court's ordering payment within 30 days after the date of acquisition on January 2, 1998. He argues that his BMS shares were not liquid until February 1, 1999, because the BMS stock acquired by Redmond Cos. shareholders was not registered until January 2, 1999. The decree, however, simply states that the acceleration will occur when Redmond Cos. stock is sold to a third party; there is nothing in the decree that limits the definition of "sale" in the manner urged by Redmond. The trial court's decision ordering payment within 30 days after January 2, 1998, therefore, is not an abuse of discretion.

■ Redmond finally challenges the trial court's award of interest to Vlahos. The limited jurisdiction retained by the trial court allowed the court to "issue such future orders as are necessary to promptly pay to [Vlahos] her property settlement in the event current restrictions on the liquidation of [Redmond's] shares are in any way altered." We conclude that this provision is broad enough to authorize the trial court to order interest to ensure prompt payment, particularly in light of the protracted history of this matter.

## III. Attorney Fees on Appeal

■ Vlahos requests attorney fees on appeal under Minn. R. Civ.App. P. 138 ("If an appeal delays proceedings on a judgment * * * and appears to have been taken merely for delay, the appellate court may award just damages and single or double costs to the respondent."). Although we cannot conclude that this appeal was necessarily taken merely to delay payment on the judgment, we can conclude that Redmond has "unreasonably contribute[d] to the length [and] expense of [this] proceeding," warranting an award pursuant to Minn.Stat. § 518.14, subd. 1 (1998).

The positions taken by Redmond throughout these proceedings and on appeal have been duplicitous and disingenuous and have had the effect of further delaying distribution, lengthening this litigation, and increasing the expense of these proceedings. In light of these facts, we order Redmond to pay the reasonable cost of Vlahos' attorney fees incurred in this appeal. *See Orman v. Orman,* 364 N.W.2d 836, 838 (Minn.App.1985) (where father's appeal raised issues already decided by supreme court, fees on appeal appropriate), *review denied* (Minn. May 31, 1985). Vlahos shall serve and file documentation in support of the fee request within 15 days after the filing of this decision. Minn. R. Civ.App. P. 139.06, subd. 1. Redmond shall serve and file any response within 10 days. *Id.,* subd. 2.

## DECISION

The property settlement between the parties is final and not subject to modification. The district court properly found the stock-for-stock exchange to be a sale triggering payment of the deferred award. The district court could order payment of interest under terms of the judgment and decree. Vlahos is entitled to reasonable

attorney fees incurred in bringing this appeal.

**Affirmed; motion granted.**