**COUNTY OF WASHINGTON, et al.,
petitioners, Respondents,**

v.

**James M. JOHNSON, Appellant.**

No. C2–97–42.

Court of Appeals of Minnesota.

Aug. 26, 1997.

Richard M. Arney, Washington County Attorney, Deborah Kraus, Assistant County Attorney, Stillwater, for respondent County of Washington.

John Scott McDonald, Lawson, Marshall, McDonald & Galowitz, P.A., Lake Elmo, for respondent Karin Holmberg–Kimble.

Del Blocher, Cummins, Gervais & Blocher, Ltd., Bayport, for appellant.

Considered and decided by PETERSON, P.J., and NORTON and AMUNDSON, JJ.

## OPINION

PETERSON, Judge.

Respondents Washington County and Karin Holmberg–Kimble brought this administrative action to establish appellant James Johnson's child support obligation. On appeal, Johnson argues that the administrative law judge (ALJ) erred in awarding Holmberg–Kimble retroactive support for the two-year period before this action was commenced and in declining to deviate downward from the guidelines in setting his support obligation. We affirm.

## FACTS

In 1992, Washington County and Holmberg–Kimble began a paternity action against Johnson. In an order filed October 7, 1992, the district court adjudicated Johnson the father of Holmberg–Kimble's two minor children. The order expressly reserved the issues of ongoing child support and AFDC reimbursement. In 1993, Washington County began a reimbursement action against Johnson, requesting reimbursement for AFDC paid to Holmberg–Kimble from April 1990 through November 1992. The district court awarded Washington County the requested reimbursement.

In December 1995, Washington County sent Johnson a letter notifying him of an administrative action to establish his child support obligation. On August 26, 1996, Johnson was served with a proposed order establishing his support obligation. Johnson requested a hearing to contest the proposed order. Following the hearing, the ALJ ordered Johnson to pay $422 per month for ongoing support in accordance with the guidelines and also awarded Holmberg–Kimble retroactive support for September 1, 1994 through August 31, 1996.

## ISSUES

1. Did the ALJ err in awarding Holmberg–Kimble child support for the two-year period before this action was commenced?

2. Did the ALJ err in declining to deviate downward from the guidelines in setting Johnson's support obligation?

## ANALYSIS

### I.

Statutory construction is a question of law subject to de novo review. *Schumacher v. Ihrke*, 469 N.W.2d 329, 332 (Minn.App. 1991).

Reimbursement actions are governed by Minn.Stat. § 256.87, subd. 1 (1996), which provides:

> A parent of a child is liable for the amount of [public] assistance furnished * * * to and for the benefit of the child including any assistance furnished for the benefit of the caretaker of the child, which the parent has had the ability to pay. Ability to pay must be determined according to chapter 518. *The parent's liability is limited to the two years immediately preceding the commencement of the action * * *.*

(Emphasis Added).

Johnson contends that because the complaint in the paternity action alleged that he was obligated to pay child support under Minn.Stat. § 256.87, his "liability [for support] is limited to the two years immediately preceding the commencement of the [paternity] action" in April 1992. Therefore, because the district court awarded Washington County retroactive payments for that period in the 1993 reimbursement action, the court erred in awarding Holmberg–Kimble retroactive child support in the current action. We disagree.

Washington County and Holmberg–Kimble brought the current action under Minn.Stat. § 256.87, subd. 5 (1996), which provides:

> A person or entity having physical custody of a dependent child not receiving assistance under sections 256.031 to 256.0361, or 256.72 to 256.87 has a cause of action for child support against the child's absent parents. Upon a motion served on the absent parent, the court shall order child support from the absent parent under chapter 518. The absent parent's liability may include up to the two years immediately preceding the commencement of the action.

■ The language of Minn.Stat. § 256.87, subd. 1, does not preclude a later and separate action to establish a support obligation under Minn.Stat. § 256.87, subd. 5. Although Minn.Stat. § 256.87, subd. 1(a), provides that the court may establish an ongoing support obligation as part of a reimbursement action, the statute does not require that the support obligation be established at that time or prohibit a later action to establish a support obligation. A reimbursement action therefore does not cut off or limit a party's right to bring at a later time an action for support under Minn.Stat. § 256.87, subd. 5, which allows an award of retroactive support for up to two years preceding commencement of the support action.

■ When the issue of support is reserved in a dissolution decree and a party subsequently requests support, the support obligation must be determined

> based upon the facts and circumstances existing at the time the application is made, as if the entire action had been brought at the later date.

*Mulroy v. Mulroy,* 354 N.W.2d 66, 68 (Minn. App.1984). We conclude that the same rule should apply when the issue of support is reserved in a paternity action. Thus, when the issue of support is reserved in a paternity action and a party later brings an administrative action to establish support, the retrospective limitations period for retroactive support begins running when the administrative action is commenced.

■ Here, because the issue of support was reserved in the paternity action, the retrospective limitations period for retroactive support did not begin running until the current administrative action was commenced. An administrative action to establish support is commenced when the proposed support order is served upon the obligor. Minn.Stat. § 518.5511, subd. 2 (1996); *see* Minn.Stat. § 256.87, subd. 5 (support is established under chapter 518). The current action was commenced when the proposed support order was served on Johnson on August 26, 1996. Under Minn. Stat. § 256.87, subd. 5, the ALJ properly awarded Holmberg–Kimble retroactive support for September 1994 through August 1996.[1]

---

1. We do not address Johnson's argument that res judicata bars the current action because his obligation to pay support for the years 1990 through 1992 was at issue in both the reimbursement action and the current action. The retrospective limitations period for the current action did not begin running until August 1996. Therefore, the

■ Johnson next contends that because the order in the paternity action reserved only the issues of ongoing support and AFDC reimbursement, the order precluded Holmberg–Kimble from ever collecting retroactive support. The order in the paternity action did not refer to retroactive support or contain any waiver of Holmberg–Kimble's right to seek retroactive support. We construe the reservation of the issue of ongoing support as a reservation of the right to establish Johnson's support obligation in accordance with statutory authority. Nothing in the order in the paternity action indicated that the court intended to limit Johnson's liability for support. The order in the paternity action did not preclude Holmberg–Kimble from seeking retroactive support.

## II.

■ The district court has broad discretion to determine child support, and its decision will not be reversed unless the district court reached "a clearly erroneous conclusion that is against logic and the facts on record." *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn. 1984). This same standard of review also applies to a child support decision by an ALJ. *Lee v. Lee,* 459 N.W.2d 365, 369 (Minn. App.1990), *review denied* (Minn. Oct. 18, 1990).

■ Relying on *Karypis v. Karypis,* 458 N.W.2d 129 (Minn.App.1990), *review denied* (Minn. Sept. 14, 1990), Johnson argues that the ALJ erred in failing to deviate downward from the guidelines in setting his child support obligation. In *Karypis,* this court upheld the district court's decision to forgive support arrearages when, during the period for which arrearages were sought, the noncustodial parent had actual physical custody

reimbursement action and the current action did

of the children and his expenses in caring for the children exceeded the amount of arrearages. *See also* Minn.Stat. § 518.57, subd. 3 (1996)(court may conclude obligor satisfied child support obligation by providing home, care, and support for child living with obligor, if court finds child was integrated into obligor's family with consent of obligee and support payments were not assigned to public agency under Minn.Stat. § 256.74).

*Karypis* presented a much stronger case for crediting the noncustodial parent for support provided directly to the children than does this case. Here, the ALJ found that Johnson cared for the children in his home two nights per week and on alternate weekends. Johnson submitted an affidavit listing items of support that he provided directly to the children, but, except for $20 per month for school needs and allowances, Johnson did not specify the cost of the items. The district court's decision to set Johnson's child support obligation in accordance with the guidelines was not an abuse of discretion.

## DECISION

The district court properly awarded Holmberg–Kimble retroactive support for September 1994 through August 1996. The district court properly denied Johnson's request to deviate downward from the guidelines in establishing his support obligation.

**Affirmed.**

not involve overlapping time periods.