**Janette Elizabeth VER KUILEN,
Appellant,**

v.

**Michael James VER KUILEN,
Respondent.**

No. C5–97–1606.

Court of Appeals of Minnesota.

May 19, 1998.

Michael A. Fahey, Carver County Attorney, Shari L. Sterud, Assistant County Attorney, for appellant.

Timothy J. Looby, Melchert, Hubert, Sjodin & Willemssen, P.L.L.P., Waconia, for respondent.

Considered and decided by CRIPPEN, P.J., and LANSING and PETERSON, JJ.

## OPINION

CRIPPEN, Judge.

On behalf of appellant Janette Ver Kuilen, Carver County authorities dispute the determination that respondent Michael Ver Kuilen should be excused from a public assistance reimbursement claim solely because of the in-home contributions that he made as a joint custodian. We reverse and remand.

## FACTS

The parties divorced in 1994. The judgment provided that the parties share joint legal and physical custody of their daughter. Appellant received public assistance benefits for approximately four months in 1996 and several months beginning in April 1997.

Carver County brought a reimbursement claim against respondent Michael Ver Kuilen for assistance of $1,835 in 1996 and $267 per month in 1997. An administrative law judge found that respondent's monthly expenses were $3,755 at the time of a hearing in June 1997, that respondent's 1996 earnings were $4,945 per month, that respondent lost his job before the 1997 assistance began, and that respondent has since received $1,102.09 per month in reemployment benefits.

Based on his current reemployment assistance income, the judge determined that respondent's guidelines obligation would be $267 per month but that he should not be required to reimburse the county because he "has fulfilled his obligation to support the child by providing more than 50% of her support." The judge found that the child resided with respondent "slightly more than 50% of the time."

## ISSUE

Does respondent's care of his child enter into the calculation of his reimbursement obligation?

## ANALYSIS

[1–3] This court reviews an administrative law judge's determination as it would a trial court judgment. *Lee v. Lee*, 459 N.W.2d 365, 368–69 (Minn.App.1990), *review denied* (Minn. Oct. 18, 1990); *see* Minn.Stat. § 518.5511, subd. 4(h) (1996) (providing same appeals process). We will not reverse the judge's decision under Minn.Stat. § 256.87 (1996 & Supp.1997) absent an abuse of discretion. *Anderson v. Anderson*, 470 N.W.2d 719, 721 (Minn.App.1991). An abuse of discretion occurs when the judge improperly applies the law to the facts. *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn.1988).

Under Minn.Stat. § 256.87, the county may seek reimbursement from a parent who has had the ability to pay for public assistance benefits furnished for the child or the child's caretaker. That section further provides that "[a]bility to pay must be determined according to chapter 518." *Id.*, subd. 1. The parties disagree regarding respondent's obligation under chapter 518.

### 1. Deviation

Normally, support under chapter 518 is set according to the guidelines of Minn.Stat. § 518.551 (1996 & Supp.1997). Here, appellant contends that the judge erred by totally excusing respondent from any reimbursement without making any findings that justify such a deviation from the guidelines. Deviation from a guidelines determination must be supported by explanatory findings that address, among other things, the earnings, income, and resources of the parents. Minn.Stat. § 518.551, subd. 5(i) (1996). In addition, because all of the mother's pertinent child support rights have been assigned to the county, subdivision 5(j) of section 518.551 requires a finding of "extreme hardship" to justify any downward deviation. As appellant asserts, the judge's decision to excuse respondent completely from reimbursement obligations would require findings under subdivisions 5(i) and (j). Because such findings were not stated, we must reverse and remand.

Respondent contends that he is entitled to a deviation on the present record because the judge made findings that his monthly expenses are $3,755 and his monthly income from reemployment compensation is $1,102.09. No deviation would be appropriate without taking into account at least one additional consideration. The income disparity is only for 1997 and does not reflect respondent's ability to pay in 1996. Regardless of his current financial circumstances, respondent's reimbursement obligation is to be determined based on his ability to pay when the benefits in question were furnished by the public; the judge must determine respondent's reasonable and necessary expenses in 1996 and consider the impact of those expenses in light of his income at that time. Minn.Stat. § 256.87, subd. 1 (reimbursement may be sought from a parent who "has had the ability to pay").

**2. Excuse**

■ We find no authority supporting the administrative law judge's conclusion that respondent's in-kind provision of care entitles him to be fully excused from reimbursement without a determination of cause for a guidelines deviation.

Respondent claims that because he furnished so much support for the child, an obligation to provide reimbursement would be inequitable, mistakenly citing *Hennepin County ex rel. Clark v. Hernandez*, 554 N.W.2d 618 (Minn.App.1996), which involved a decision as to whether the county properly provided assistance so as to entitle it to reimbursement. Respondent has not made any showing that the county erred in providing assistance under Minn.Stat. §§ 256.72-.87 (1996 & Supp.1997). Rather, he claims that the county has erred in failing to seek reimbursement from the mother rather than from him. There is nothing in the statute or case law that excuses a party from reimbursement on the basis of the equities of pursuing reimbursement from another party.

**3. *Hortis–Valento* reduction.**

Finally, we have considered whether respondent should benefit from a reduction in his chapter 518 calculation under the *Hortis–Valento* formula. *Valento v. Valento*, 385 N.W.2d 860, 862 (Minn.App.1986), *review denied* (Minn. June 30, 1986); *Hortis v. Hortis*, 367 N.W.2d 633, 635–36 (Minn.App.1985). *Hortis–Valento* requires payment only during the time the child spends in the other parent's custody, so as to take into account the contribution of the custodial parent. *Valento*, at 862.[1]

■ As first observed in this discussion, respondent's ability to pay must be determined "according to chapter 518." Minn. Stat. § 256.87, subd. 1. The *Hortis–Valento* reduction for care furnished is a chapter 518 determination, an application of the statutory guidelines. *See Hortis*, 367 N.W.2d at 636 (holding that when guidelines are "straightforwardly applied," payment is required for the months during which the other parent

has custody); *Valento*, 385 N.W.2d at 862 (same, citing *Hortis;* treating different calculation as a guidelines departure). On remand, respondent is entitled to a chapter 518 calculation that takes into account the percentage of care directly furnished by him in his home.

We observe the provision of chapter 518 declaring that a credit for care already provided by a parent does not excuse an obligor from child support payments assigned to a public agency under section 256.74. Minn. Stat. § 518.57, subd. 3 (1996). But this provision regards care furnished because "the child was integrated into the family of the obligor with the consent of the obligee." The provision does not govern a custody arrangement duly determined in judicial proceedings. *See Washington County v. Johnson*, 568 N.W.2d 459, 462 (Minn.App.1997) (recognizing the credit under section 518.57 for a non-custodial parent who has actual custody).

**DECISION**

■ In a Minn.Stat. § 256.87 reimbursement proceeding, the obligation is limited by the responsible parent's ability to pay as measured according to chapter 518. An obligor is entitled to a *Hortis–Valento* reduction for direct provision of care in the obligor's home. Absent findings that justify a downward departure from a chapter 518 guidelines calculation, the obligor is not entitled to a further reduction.

**Reversed and remanded.**

---

1. *Hortis* and its progeny also provide for an offset based on the amount of support the other parent should be providing. The offset is not a determination of one obligor's ability to pay, but rather the entitlement of that party to support from the other party. There is no provision in section 256.87 for an offset claim by a parent who is required to make a reimbursement.