**In re the Marriage of Melissa Ann DEASON, petitioner, Appellant,**

**v.**

**Tracy Sean DEASON, Respondent.**

No. C2–99–1650.

Court of Appeals of Minnesota.

June 6, 2000.

---

DeGalynn Wade, Southern Minnesota Regional Legal Services, Inc., St. Paul, for appellant.

Amy L. Senn, Senn and Associates, Cottage Grove, and Gregory J. Schmidt, Spruce Tree Centre, St. Paul, for respondent.

Considered and decided by AMUNDSON, Presiding Judge, RANDALL, Judge, and HUSPENI, Judge.*

## OPINION

RANDALL, Judge.

On appeal from a dissolution judgment, appellant challenges the district court's determination that she is not entitled to any portion of respondent's military pension. Appellant asserts that the district court erroneously concluded that pursuant to 10 U.S.C. § 1408(d)(2) (1994), appellant is not entitled to receive any portion of the pension because respondent did not complete ten years of creditable military service during the parties' marriage. Appellant further asserts that although the ten-year requirement is inapplicable, respondent had over ten years of creditable military

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

service during the parties' marriage. We reverse and remand.

## FACTS

Appellant Melissa Ann Deason and respondent Tracy Sean Deason married in March 1988. Their marriage was dissolved by a judgment entered August 4, 1999. The parties stipulated to all issues except the division of respondent's military pension. No trial was held, and the case was submitted to the district court on the parties' memoranda and supporting documents.

In its findings, the district court stated that it was "undetermined" whether appellant was entitled to a portion of respondent's military pension. In its conclusions of law, the district court cited 10 U.S.C. § 1408(d)(2) (1994), a provision of the Uniformed Services Former Spouses' Protection Act, and concluded that although the parties were married over ten years, because respondent did not have ten years of creditable military service during the marriage, appellant was not entitled to any portion of respondent's military pension.

Respondent enlisted in the Air Force in February 1987, approximately one year before the parties' marriage. He was discharged in December 1994. Respondent joined the National Guard immediately after leaving full-time military service. He served as a Guard member until January 1998, when he re-enlisted as a full-time member of the Air Force. At the time of the parties' dissolution in August 1999, respondent was still enrolled full-time in the Air Force.

## ISSUE

Does federal law preclude state courts from apportioning military pension benefits between the parties in a dissolution action if the military pension-holding spouse did not complete ten years of creditable military service during the parties' marriage?

Minn. Const. art. VI, § 10.

## ANALYSIS

■ Although both parties state that this court should review the district court's decision under an abuse of discretion standard, appellant challenges the district court's construction of federal statutes. Statutory construction is a question of law reviewed de novo on appeal. *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 190 (Minn.1990).

■ Appellant challenges the district court's construction of 10 U.S.C. § 1408(d)(2) (1994), a provision of the Uniformed Services Former Spouses' Protection Act (USFSPA), which states:

> If the spouse or former spouse to whom payments are to be made under this section was not married to the member for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired pay, payments may not be made under this section to the extent that they include an amount resulting from the treatment by the court under subsection (c) of disposable retired pay of the member as property of the member or property of the member and his spouse.

Appellant asserts that the district court erred when it concluded that this provision precludes awarding a portion of a party's military pension benefits to the other party in a dissolution action absent ten years of creditable military service during the marriage. Appellant contends that this statute's ten-year requirement refers only to when a state court *may order direct payment* of a military pension from the Secretary of Defense to a former spouse. We agree.[1]

■ Military pensions may qualify as marital property subject to division in a dissolution. *Mortenson v. Mortenson*, 409 N.W.2d 20, 22 (Minn.App.1987). Minnesota appellate courts have not addressed whether 10 U.S.C. § 1408(d)(2) limits such division to cases where the spouse with the military pension had ten years of creditable service during the marriage.[2] The U.S. Supreme Court has recognized, however, that the USFSPA created only a "payments mechanism" under which the federal government will make *direct payments* to a former spouse pursuant to a state court order. *Mansell v. Mansell*, 490 U.S. 581, 585, 109 S.Ct. 2023, 2027, 104 L.Ed.2d 675 (1989). The Court stated that this "direct payments mechanism" is limited by the ten-year requirement.[3] *Id.* A number of states have also addressed the issue, and a majority of those states have held that 10 U.S.C. § 1408(d)(2) *governs only the method of payment* and does not preclude the division of military pensions

---

1. Respondent's counsel conceded during oral argument that 10 U.S.C. § 1408(d)(2) governs only the form of distribution of the pension. Respondent's counsel then attempted to characterize the district court's decision to allocate respondent's entire military pension to respondent as a discretionary division of property. We cannot agree with this characterization of the district court's decision. While it is undisputed that dividing marital property is generally a discretionary decision for the district court, the district court in this case did not exercise its discretion when it awarded respondent his full military pension. Instead, the court interpreted 10 U.S.C. § 1408(d)(2) and concluded, as a matter of law, that appellant was not entitled to a portion of respondent's pension because respondent did not have ten years of creditable military service during the parties' marriage.

2. This court has held that 10 U.S.C. § 1408(e) (1994), another USFSPA provision, applies only to direct government payments. *Deliduka v. Deliduka*, 347 N.W.2d 52, 55 (Minn.App. 1984), *review denied* (Minn. July 26, 1984). Subsection (e) states that the total amount of disposable retired pay payable under court orders pursuant to this act may not exceed 50% of the member's disposable retired pay. 10 U.S.C. § 1408(e).

3. The Supreme Court noted in *Mansell* that the USFSPA and the Court's decision in *Mansell* apply to both community-property and equitable-distribution states. *Mansell*, 490 U.S. at 584, 109 S.Ct. at 2026 n. 2.

where the ten-year requirement has not been met. *See, e.g., Beltran v. Beltran,* 183 Cal.App.3d 292, 227 Cal.Rptr. 924, 927 (1986) (holding ten-year requirement acts only as limitation on direct payments from government to former spouse), *review denied* (Cal. Oct. 16, 1986); *Le Vine v. Spickelmier,* 109 Idaho 341, 707 P.2d 452, 455 (1985) (same); *Carranza v. Carranza,* 765 S.W.2d 32, 33–34 (Ky.Ct.App.1989) (holding ten-year requirement is not barrier to division of pension but factor in determining how entitlement will be collected); *Cook v. Cook,* 18 Va.App. 726, 446 S.E.2d 894, 896 (1994) (same); *Parker v. Parker,* 750 P.2d 1313, 1314 (Wyo.1988) (holding ten-year threshold is limitation only on direct payments to former spouse).

As the U.S. Supreme Court recognized in *Mansell,* the legislative history supports this interpretation. *See Mansell,* 490 U.S. at 591 n. 13, 109 S.Ct. at 2030 n. 13. The original House of Representatives version of the bill enacting the USFSPA provided that a military pension could only be considered property if the marriage lasted at least ten years while the service member performed creditable service. H.R. Conf. Rep. No. 97–749, at 165 (1982), *reprinted in* 1982 U.S.C.C.A.N. 1555, 1569, 1571. The Senate committee considered and rejected a similar requirement. S.Rep. No. 97–502, at 9–11 (1982), *reprinted in* 1982 U.S.C.C.A.N. 1596, 1604–05. The conference committee agreed to remove the House provision but also agreed that direct payments from the military would be permitted only if a couple was married at least ten years while the service member performed military service. H.R. Conf. Rep. No. 97–749, at 166–67 (1982), *reprinted in* 1982 U.S.C.C.A.N. 1569, 1572.

We conclude that the district court erred in its interpretation and application of 10 U.S.C. § 1408(d)(2). Because of our decision on this issue, we need not resolve whether respondent completed ten years of creditable service during the parties' marriage.

Notably, although respondent's pension is currently nonvested and unmatured, it may be classified as marital property. *See Janssen v. Janssen,* 331 N.W.2d 752, 756 (Minn.1983) (recognizing nonvested pensions are included in marital property definition). In *Janssen,* the supreme court recognized that the proper procedure in such cases is to divide the pension, awarding each spouse an appropriate percentage, and order apportionment *"only if and when such benefits are paid." Id.* We reverse and remand for a similar award.

## DECISION

The district court erred in concluding that 10 U.S.C. § 1408(d)(2) (1994) precludes the division of military pensions in dissolution actions where the party with a military pension did not complete ten years of creditable service during the marriage.

**Reversed and remanded.**