*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0160**

In re the Marriage of:

Patricia Elaine Radziwill, petitioner,
Appellant,

vs.

Michael Radziwill,
Respondent.

**Filed November 9, 2015
Reversed and remanded
Reilly, Judge**

Washington County District Court
File No. 82-F6-94-005869

John R. Kempe, Family First Law Office, Eagan, Minnesota (for appellant)

Christopher D. Johnson, Rebecca A. Chaffee, Best & Flanagan LLP, Minneapolis, Minnesota (for respondent)

Considered and decided by Reilly, Presiding Judge; Schellhas, Judge; and Stoneburner, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**REILLY**, Judge

Appellant argues that the district court erred in the division of respondent's pension benefits pursuant to their stipulated judgment and decree. Because we determine that the plain language of the judgment and decree required the use of the *Janssen* formula and the district court misapplied the *Janssen* formula, we reverse and remand.

## FACTS

Appellant Patricia Radziwill and respondent Michael Radziwill were married from November 6, 1989, to November 21, 1995, when the marriage was dissolved pursuant to a stipulated judgment and decree. Respondent began work at Berwald Roofing four months prior to the marriage and continued to work there throughout the marriage and until at least 2010. As part of his employment he earned retirement benefits. At the time of dissolution, respondent disclosed that he had a Roofer's Local No. 96 Annuity Plan. Sometime after April 1997, appellant became aware that respondent also had an interest in a National Roofing Industry Pension Plan (National Pension Plan). The National Pension Plan was not disclosed at the time of dissolution. The judgment and decree contains the following provision at paragraph XX:

> Pension and Retirement Accounts. The Petitioner is awarded fifty percent (50%) of the Respondent's retirement benefits as of the date of the Judgment and Decree of dissolution. A separate Qualified Domestic Relations Order shall be appended to the Judgment and Decree of Dissolution by which Petitioner shall have a separate ownership interest together with the separate responsibility of subsequent tax liability attributable to her receipt of future benefits.

2

> In allocating the Respondent's retirement benefits, the court *shall* utilize the formula provided in *Janssen vs. Janssen*, (331 N.W.2d 752) (Minn. 1983), where the numerator is the length of the parties' marriage (months/years) and the denominator is the number of months/years that the Respondent has earned Retirement benefits, for a percentage allocation of the marital interest at fifty percent (50%).

(Emphasis added.)

Respondent continued to accumulate retirement benefits through at least 2010. On April 20, 2012, the parties filed a Qualified Domestic Relations Order (QDRO) pertaining to the division of the Roofers Local No. 96 Annuity Plan. Despite numerous attempts, they could not come to an agreement regarding the division of the National Pension Plan. Appellant ultimately filed a "motion to enforce decree and issuance of domestic relations order" for the National Pension Plan with the district court. In its findings on the motion, the district court summarized the parties' arguments:

> 5. Petitioner argues that the Judgment and Decree clearly shows that the parties intended to have the Court utilize the reserved jurisdiction method of dividing Respondent's pension benefits, under which the Court divides the pension benefit when it is received, and to apply the time formula provided in *Janssen*. When using the *Janssen* formula the numerator is the number of months/years as measured by the date of the parties' marriage to the date of the Judgment and Decree and the denominator is the total period of time in which Respondent chose to continue accumulating retirement benefits.

> 6. Respondent in turn argues that Petitioner's 50% marital interest is to be determined on the value of the pension as of the date of the Judgment and Decree (November 21, 1995). When using the *Janssen* formula the numerator is the 72 months that Respondent was employed out of the 76 months that Respondent acquired pension benefits before the valuation date, the denominator would then be the value of

3

the pension at the date of the Judgment and Decree or 327.73. Respondent further stated that if the valuation date was 2009/2010 the denominator would then be 3,966.93.[1]

The district court agreed with respondent, concluding "that the QDRO for the pension plan should be valued at the time of the date of the dissolution." In dividing the National Pension Plan, the district court stated that the "plain language of the Judgment and Decree provides that the date of valuation is the date of the Judgment and Decree." The district court ordered respondent to "prepare the Qualified Domestic Relations Order . . . consistent with [the] Order."

Appellant then filed a motion for amended findings, seeking findings including a correction of the finding that "the plain language of the judgment and decree provides that the date of valuation is the date of judgment and decree" and a finding that "the court shall utilize the formula provided in *Janssen v. Janssen*, 331 N.W.2d 752 (Minn. 1983)." The district court denied appellant's motion. Between the filing of the motion for amended findings, and the denial of that motion, respondent submitted a proposed QDRO, and it was adopted and filed by the district court. The QDRO contained the following provision:

> This Order assigns to Alternate Payee an amount equal to the actuarial equivalent of Fifty Percent (50%) of the Marital Portion of the Participant's Accrued Benefit under the Plan as of the Participant's benefit commencement date, or the Alternate Payee's benefit commencement date, if earlier.

---

[1] This finding appears contrary to what appellant actually argued before the district court. Although the denominator was disputed, defendant consistently argued it should be 76 months. The number 3,966.93 refers to the monthly value of the pension as of 2010.

4

The Marital Portion shall be determined by multiplying the value of the benefit as of November 21, 1995 by 94.73% (that is, 72/76, with the numerator the number of months of the Participant's credited service in the Plan earned during the marriage (from November 6, 1989 to November 21, 1995), and the denominator the total number of months the Participant's credited service in the Plan from the date of Participant's initial contribution to the Plan through November 21, 1995).

Appellant then filed an appeal with this court challenging the order issuing the QDRO, the adoption of the QDRO, and the order denying the motion for amended findings.

## DECISION

### *The judgment and decree*

The parties' marriage dissolved pursuant to a stipulated judgment and decree, which is treated as a binding contract. *Shirk v. Shirk*, 561 N.W.2d 519, 521 (Minn. 1997). The judgment and decree addresses the division of respondent's retirement benefits, and the plain language states the court "shall utilize the formula provided in *Janssen vs. Janssen*." Where, as it is here, "the language employed by the parties is plain and unambiguous there is no room for construction."[2] *Starr v. Starr*, 312 Minn. 561 562-63, 251 N.W.2d 341, 342 (1977). The *Janssen* formula must be properly applied to the division of respondent's National Pension Plan retirement benefits in order to give effect to the parties' stipulated judgment and decree. The *Janssen* formula is well established in our caselaw. *See McGowan v. McGowan*, 532 N.W.2d 258, 260 (Minn. App. 1995);

---

[2] Although both parties have advocated for the *Janssen* formula throughout the proceedings, they disagree on how it should be applied.

5

*Hortis v. Hortis*, 367 N.W.2d 633, 636 (Minn. App. 1985); *Kottke v. Kottke*, 353 N.W.2d 633, 637 (Minn. App. 1984), *review denied* (Minn. Dec. 20, 1984). It is used when retirement benefits "contain contingencies on the actual payment of pension benefits." *Janssen*, 331 N.W.2d at 756. It allows for future benefits to be apportioned "only if and when they are paid" using a method to allocate the marital interest of the benefits. *Id.* It provides:

> [t]he marital interest in each payment will be a fraction of that payment, the numerator of the fraction being the number of years (or months) of marriage during which benefits were being accumulated, the denominator being the total number of years (or months) during which benefits were accumulated prior to when paid.

*Id.* Both parties, especially appellant, spend large portions of their brief arguing what number of months should be used as the denominator when applying the *Janssen* formula. In her reply brief, appellant finally articulated the "gravaman" of this appeal. It is that under a proper application of the *Janssen* formula "the allocated portion awarded would not be frozen and instead investment gains or losses [in the National Pension Plan] would be credited." The QDRO adopted by the district court did not properly apply the *Janssen* formula, and thus denied appellant any investment gains (or losses) that should have been credited against her interest in the National Pension Plan.

To properly apply the *Janssen* formula four numbers are necessary: a numerator, a denominator, the monthly value of the benefits *if and when they are paid*, and the percentage of the marital interest to which the spouse is entitled. The fraction is multiplied by the monthly value to determine how much of the monthly payment is the

6

marital interest. The percentage allocated to each party is determined by the parties at the time of dissolution.

*Numerator*

The parties agree that the numerator is 72 months.

*Denominator*

The parties disagree about the denominator. Appellant argues that the denominator should be the total number of years or months during which benefits were accumulated prior to when paid, or the total number of months respondent worked. The record before this court is unclear as to exactly what that number is, but it appears respondent continued to accumulate benefits through at least 2010. Assuming that, under appellant's calculation the denominator would be at least 252 months. On the other hand, respondent argues that the denominator should be 76 months, or the number of years or months during which benefits were accumulated up to the date of the dissolution. Appellant's determination of the denominator is correct because it uses *Janssen*'s language of "the total number of years (or months) during which benefits were accumulated prior to when paid" and is consistent with our caselaw. *Janssen*, 331 N.W.2d at 756; *see also McGowan*, 532 N.W.2d at 260; *Hortis*, 367 N.W.2d at 636; *Kottke*, 353 N.W.2d at 637. Respondent's application of the *Janssen* formula is incorrect because it adds an additional qualifier into the formula that is not recognized by our caselaw.

*Date of Valuation*

The *Janssen* formula provides for a date of valuation. Under the *Janssen* formula the "future benefits" are apportioned "only if and when they are paid." *Janssen*, 331 N.W.2d at 756. Thus, the date of valuation is the date that the retirement benefits begin to be collected.

In its attempt to divide the National Pension Plan pursuant to the judgment and decree the district court erred by finding the "[t]he plain language of the Judgment and Decree provides that the date of valuation is the date of the Judgment and Decree." It is unclear what the district court was referencing when it made this finding; however, it is clear that there is no reference in the judgment and decree to the "date of valuation." This finding by the district court is clearly erroneous. *See Goldman v. Greenwood*, 748 N.W.2d 279, 284 (Minn. 2008) ("Findings of fact are clearly erroneous where an appellate court is left with the definite and firm conviction that a mistake has been made."). Further, the judgment and decree need not contain a valuation date because it directs the court to utilize the *Janssen* formula.

*Percentage of Marital Interest*

Per the judgment and decree, appellant is entitled to 50% of the marital interest of respondent's retirement benefits.

*Application of the Janssen Formula to this Case*

To properly apply the *Janssen* formula to this case the numerator is the number of years (or months) the parties were married where respondent was earning benefits.[3] The denominator in this case is the total number of years (or months) during which respondent worked and accumulated retirement benefits prior to when paid.[4] This fraction is to be multiplied by the monthly value of the National Pension Plan at the time it is paid.[5] Using this equation, the resulting number represents the marital interest in the monthly payment from the National Pension Plan.[6] Per the judgment and decree, appellant is entitled to 50% of the marital interest of the National Pension Plan.[7]

**Issuance of the QDRO**

The district court adopted respondent's proposed QDRO in its entirety. The QDRO misapplied the *Janssen* formula. As discussed above, the judgment and decree required use of the *Janssen* formula. The district court erred by issuing a QDRO that is inconsistent with the judgment and decree. A QDRO must be consistent with the terms of the judgment and decree in order to maintain the parties' substantive rights. *Potter v. Potter*, 471 N.W.2d 113, 114 (Minn. App. 1991); *see generally Nelson v. Nelson*, 83 P.3d

---

[3] The record before this court indicates that respondent earned benefits while the parties were married from November 6, 1989, to November 21, 1995, which is approximately 72 months or six years.

[4] The record before this court indicates that respondent accumulated benefits from sometime in July 1989 to, at least, sometime in 2010, which is approximately 252 months or 21 years.

[5] According to respondent, this number as of 2010 was $3,966.93.

[6] Based on the calculation using approximate numbers the monthly payment is $1,133.41.

[7] Based on the calculation using approximate numbers appellant's marital interest in the monthly payment of the National Pension Plan is $566.70.

9

889, 893 (Okla. Civ. App. 2003) (observing that a QDRO is "the vehicle by which a spouse enforces and collects retirement benefits awarded in a divorce" and that although property division in dissolution generally is final, district court retains "jurisdiction" to conform QDRO "to the terms of the underlying divorce decree as long as no impermissible modification of the property division of the decree is effected" (quotation omitted)).  The parties entered into a dissolution agreement where they agreed on the division of respondent's retirement benefits using the *Janssen* formula.[8]  It was clear error for the district court to issue a QDRO that did not properly apply the *Janssen* formula.

We reverse the district court's order and remand for the issuance of a QDRO that reflects the judgment and decree and properly applies the *Janssen* formula in a manner that is not inconsistent with this opinion.

**Reversed and remanded.**

---

[8] Respondent cites *Neubauer v. Neubauer* for the proposition that the district court had the authority to determine a fair and equitable division of the pension plan because the National Pension Plan was not expressly included in the judgment and decree and was, therefore, omitted property.  433 N.W.2d 456, 461 n.1 (Minn. App. 1988), *review denied* (Minn. Mar. 17, 1989).  The record before this court is insufficient to provide a basis that the district court treated the National Pension Plan as omitted property.  The record before this court indicates that the district court applied the parties' stipulated judgment and decree to divide respondent's retirement benefits including the National Pension Plan.