*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0528**

In re the Matter of: Juan Carlos Carreon, petitioner,
Appellant,

vs.

Michelle Sorensen,
Respondent,
Steele County, intervenor,
Respondent.

**Filed December 7, 2015
Reversed and remanded
Stauber, Judge**

Steele County District Court
File No. 74FA14184

Catherine Brown Furness, Catherine Brown Furness Law Office, Owatonna, Minnesota (for appellant)

Michelle Sorensen, Owatonna, Minnesota (pro se respondent)

Douglas L. Ruth, Steele County Attorney, Julia A. Forbes, Assistant County Attorney, Owatonna, Minnesota (for respondent)

Considered and decided by Smith, Presiding Judge; Stauber, Judge; and Klaphake, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**STAUBER**, Judge

Appellant father challenges the district court's calculation of respondent mother's gross income for the purpose of child support, arguing that the district court erroneously failed to consider portions of respondent's income as "gross income" under Minn. Stat. § 518A.29 (2014), and clearly erred by not imputing potential income to respondent, who works part time. Because the record shows that respondent receives regular, periodic pay in addition to her base wage and the district court's decision not to impute income is unsupported by the record, we reverse and remand.

## FACTS

The parties are the parents of two minor children,[1] with respondent Michelle Sorensen having sole physical custody. In March 2014, appellant Juan Carlos Carreon filed a petition requesting, among other things, a child-support modification. The parties stipulated to a referral of child-support issues to a child-support magistrate (CSM).

The CSM heard the child-support issues in October, 2014, and subsequently found that there was a substantial change in circumstances that rendered the existing support award unreasonable and unfair, thus permitting child-support modification. The CSM found that Sorensen's gross income from her registered-nurse position was equivalent to her regular hourly wage times 24 hours per week. Overtime and shift differentials were excluded from her income. Sorensen testified that she works 24 hours per week and is a ".6 employee." She also testified that she recently requested a reduction to ".5 time" in

---

[1] Respondent has a third child who is not included in consideration of this matter.

order to have additional time to care for the children. She admitted that she has not requested additional hours and only works extra shifts when she is mandated to do so. Respondent also alleges that, on her current schedule, additional hours would not be available to her.

The CSM ordered Sorensen to continue providing medical and dental insurance for the minor children, and ordered Carreon to pay basic support, child-care support, and medical support. Carreon moved the district court for review of the child-support order, asserting that the CSM improperly calculated Sorensen's income. The district court denied the motion for review with regards to Sorensen's income after reviewing a transcript of the October 2014 hearing. The district court determined that it would be "impossible" for the CSM to determine whether Sorensen regularly works shift differentials to support including the extra pay in her income calculation. The court also concluded that registered nurses "customarily work less than 40 hours per week as full time employees" and that therefore the CSM did not err by declining to impute additional income to Sorensen.

This appeal follows.

## D E C I S I O N

We review a CSM's ruling that has been reviewed by the district court under the same standard as if the decision originated in the district court. *Ludwigson v. Ludwigson*, 642 N.W.2d 441, 445-46 (Minn. App. 2002). Child-support modification is generally reviewed for an abuse of discretion, and we will reverse only if the district court resolved the matter in a manner that is "against logic and facts on the record." *Haefele v. Haefele*,

3

837 N.W.2d 703, 708 (Minn. 2013) (quotation omitted). The district court abuses its discretion when it improperly applies the law to the facts. *Ver Kuilen v. Ver Kuilen*, 578 N.W.2d 790, 792 (Minn. App. 1998). A finding is clearly erroneous if we are "left with the definite and firm conviction that a mistake has been made." *Vangsness v. Vangsness*, 607 N.W.2d 468, 472 (Minn. App. 2000) (quotation omitted).

## I.      Calculation of Gross Income

We will affirm the district court's findings determining income for child-support purposes if the findings "have a reasonable basis in fact and are not clearly erroneous." *Ludwigson*, 642 N.W.2d at 446 (quotation omitted); *see also Schisel v. Schisel*, 762 N.W.2d 265, 272 (Minn. App. 2009) (holding that determinations regarding parents' net incomes for child-support purposes are reviewed for clear error). But the application of the child-support statute to determine gross income is reviewed de novo. *Haefele*, 837 N.W.2d at 708. Gross income is:

> any form of periodic payment to an individual, including, but not limited to, salaries, wages, commissions, self-employment income[,] . . . workers' compensation, unemployment benefits, annuity payments, military and naval retirement, pension and disability payments, spousal maintenance received under a previous order or the current proceeding, Social Security or veterans benefits provided for a joint child[,] . . . and potential income under section 518A.32.

Minn. Stat. 518A.29(a). When statutory language is plain and unambiguous, we look only at the language in the statute to determine legislative intent. *Haefele*, 837 N.W.2d at 708. "Under the plain language of [518A.29(a)], the relevant inquiry in determining whether money or a thing of value is gross income is whether it is 'a periodic payment to

4

an individual.'" *Id.* (quoting Minn. Stat. 518A.29(a)). "Periodic" generally means "marked by repeated cycles or happening or appearing at regular intervals." *Id.* at 710.

Carreon contends that the district court erred by calculating Sorensen's gross income based only on her base pay multiplied by the number of hours worked, and excluding her time off, shift differentials, specialty pay, and other pay designations. The record includes Sorensen's recent paystubs, each representing a 14-day cycle. The paystubs are broken down into vacation, holidays, and inservice pay, which are paid at the same rate as regular hours, and overtime, shift differentials, and other premiums, which are paid at an increased rate. The number of "regular" hours Sorensen works per pay period varies, as do her shift differentials and other premiums. Thus, the gross amount Sorensen earns varies. Her 2014 total gross pay as of July 4, 2014, was $30,742.21, an average of $5,105.04 per month.[2] But the CSM and the district court calculated Sorensen's gross income for the purposes of child support at $3,264 per month.[3] The CSM excluded Sorensen's overtime and shift differential pay. The district court also declined to address the wage differential because it determined the premiums were not sufficiently regular to be included. Although the categories in which Sorensen earned wages beyond her regular pay vary between pay periods, she received some form of additional compensation every pay period. Further, Sorensen's regular pay often included more than 48 hours of work per pay period. Although Sorensen testified that she "normally" works 24 hours per week, the paystubs demonstrate significant additional

---

[2] She earned $30,742.21 in 6.13 months.
[3] This amount is the product of her $31.61 per hour base wage times 24 hours per week times 4.33 weeks per month.

5

income. Thus, the hours over 24 per week and the additional differential payments constitute "periodic" pay under the statute and should have been considered part of Sorensen's gross income for purposes of calculating child support.[4]

Carreon further challenges the exclusion of pay that is labeled "overtime" on Sorensen's paystub. "Gross income does not include compensation received by a party for employment in excess of a 40-hour week," provided certain other factors are met. Minn. Stat. § 518A.29(b). As Sorensen's overtime pay was not for work over 40 hours per week, it is not statutorily excluded from her gross income.

## II.     Imputation of Income

Carreon next argues that the district court erred by failing to impute additional income to Sorensen after finding that she voluntarily worked fewer than 40 hours per week. "If a parent is voluntarily unemployed, underemployed, or employed on less than full-time basis, . . . child support must be calculated based on a determination of potential income." Minn. Stat. 518A.32, subd. 1 (2014). "'[F]ull time' means 40 hours of work in a week except in those industries, trades, or professions in which most employers, due to custom, practice, or agreement, use a normal work week of more or less than 40 hours in a week." *Id.* We review a factual finding on whether a party is voluntarily

---

[4] We note that a court may consider average income as demonstrated by cash flow when a party's gross income varies significantly. *See Veit v. Veit*, 413 N.W.2d 601, 606 (Minn. App. 1987) (concluding that the district court properly relied on average income where a party's income fluctuated based on the nature of his business and where the averaging took into account those fluctuations and therefore more accurately measured gross income than individual pay periods).

underemployed for clear error. *Welsh v. Welsh*, 775 N.W.2d 364, 370 (Minn. App. 2009).

A parent who "stays at home to care for a child who is subject to the child support order" is not necessarily voluntarily unemployed, underemployed, or employed on a less than full-time basis.[5] Minn. Stat. 518A.32, subd. 5 (Minn. 2014). Sorensen testified that she needed to work fewer hours because the children's homework was not completed while they were in Carreon's care. But the district court made no factual finding that give credence to this testimony and in the absence of such a finding we cannot affirm on this basis. *See Putz v. Putz*, 645 N.W.2d 323, 354 (remanding a child-support case for reconsideration based on the inadequacy of findings).

---

[5] A district court may consider the following caretaker factors in determining whether a parent who stays home to care for a child who is the subject of the support order is voluntarily unemployed, underemployed, or employed on a less than full-time basis:

> (1) the parties' parenting and child care arrangements before the child support action;
> (2) the stay-at-home parent's employment history, recency of employment, earnings, and the availability of jobs within the community for an individual with the parent's qualifications;
> (3) the relationship between the employment-related expenses, including, but not limited to, child care and transportation costs required for the parent to be employed, and the income the stay-at-home parent could receive from available jobs within the community for an individual with the parent's qualifications;
> (4) the child's age and health, including whether the child is physically or mentally disabled; and
> (5) the availability of child care providers.

Minn. Stat. § 518A.32, subd. 5.

The district court concluded that the CSM did not err by declining to impute additional income to Sorensen. The only basis it provided for this conclusion is that registered nurses "customarily work less than 40 hours per week as full time employees." But neither the record nor the district court's order provide facts supporting this conclusion. In fact, Sorensen testified that she was a part-time employee and admitted that she only works extra hours when she is mandated to do so. Although Sorensen testified that, based on the current schedule, she could not work additional hours, the record is undeveloped as to how long the "current schedule" lasts, and Sorensen testified that she has even requested fewer work hours. Because the district court's finding that registered nurses customarily work less than 40 hours per week is not supported by this record, and the district court clearly erred by failing to include overtime and various differentials in calculating support, we reverse and remand for further proceedings consistent with our decision. On remand, whether to reopen the record shall be discretionary with the district court.

**Reversed and remanded.**